W. A. WHITSETT, for himself and others, *v.* CITY BUILDING AND LOAN ASSOCIATION.

## October Term, 1877.

COUNSEL-FEES IN A SUIT BY ONE PERSON FOR HIMSELF AND OTHERS.—— A person who institutes legal proceedings for himself and others who may come in and make themselves parties, and succeeds in securing a fund for the common benefit of all, will be entitled to an allowance for all expenses and costs incurred, including reasonable counsel-fees.

*John Reid*, for complainant.
*T. H. Malone*, for defendant.

THE CHANCELLOR:—— The bill is filed by a stockholder of

the defendant company, as well for all other stockhold-
ers and creditors of the company as for himself, to wind up-
its business ; and such proceedings have been had, that the-
condition of the company has been ascertained, the names.
of the stockholders and the amount of their respective stock,
and the debts due to, and other assets of, the company, and
a final decree has been entered settling rights, directing the-
assets to be collected and distributed in conformity with the
decrees settling rights.    Only some half dozen stockholders.
have made themselves parties by petition, and they have-
generally asked to be allowed to become complainants, and
have all prayed to have the benefit of the proceedings.    All
that has been done in the cause, so far as appears, has been
the work of the complainant's counsel and his associate.
The report of the clerk and master, made at the last term of
the court, and confirmed, shows the aggregate of debts due
the company to be \$33,390.29, and the aggregate of stock
to be \$23,730.60.    On a former day of this term, upon
motion of the complainant's counsel, an order was made-
referring it to the master to take proof, and report what
would be reasonable compensation to him and his associate-
for their professional services in the cause.    The master has.
taken the testimony of three solicitors of the court, and the-
counsel representing the company has taken the testimony-
of the associate of the complainant's solicitor, from all which
the master reports \$750 as reasonable compensation.    Two-
of the witnesses base their estimate upon the supposition
that the fund which will be brought into court under these
proceedings will be about \$15,000.    The third witness gives-
his estimate " from an inspection of the papers in the cause,.
including the report of the clerk and master," as well as the
facts stated in the question propounded, which facts do not-
include any suggestion as to the amount of money which
will be brought into court under the proceedings.    The-
examination of the solicitor associated with the complain--
ant's counsel seems to have been directed to his connection.
with the case.

The order was made upon the general doctrine that where one person institutes legal proceedings for himself and others, and succeeds in securing a fund for the common benefit of all, he will be entitled to an allowance for all expenses and costs necessarily incurred. In England, where taxable costs, and not counsel-fees, are in question, it has been settled, after some fluctuations of judicial opinion, that the complainant, though a simple-contract creditor, will be entitled to costs, even where the funds are exhausted by specialty creditors. *Larkins* v. *Paxton*, 2 Myl. & K. 320; *Barker* v. *Wardle*, 2 Myl. & K. 818; *Tootal* v. *Spicer*, 4 Sim. 510. And if the fund realized by the complainant's diligence is more than sufficient to pay debts, the costs of complainant as between party and party will be paid out of the general fund, and the extra costs as between solicitor and client will be paid *pro rata* by all the creditors who come in for the benefit of the suit. *Stanton* v. *Hatfield*, 1 Keen, 358; *Sutton* v. *Doggett*, 3 Beav. 9; *Goldsmith* v. *Russell*, 5 De G. M. & G. 557. The decree in such cases contains a formal direction that "the parties coming in to prove are, before they are admitted as creditors, to contribute their proportion of the expenses of the suit." It has been said that this is a direction which, in practice, has not been acted on; at any rate, where the funds prove inadequate to pay the costs. *Bluett* v. *Jessop*, Jac. 243. But the vice-chancellor, Knight Bruce, held it clear that where creditors have come in and received dividends under the decree, they must contribute to make good the loss which the complainant has borne in behalf of all the creditors; and this, whether the case is within the precise literal sense of the usual direction, or governed by principle. *Thompson* v. *Cooper*, 2 Col. C. C. 90. The rule is the same in a case of joint right, where a party's name has been used without authority, and he comes in for his share of the recovery. *Hall* v. *Laver*, 1 Hare, 571. In *Mason* v. *Codwise*, 6 Johns. Ch. 277, Chancellor Kent adopted the general rule that a creditor who comes in under a decree so obtained is permitted to do so on con-

tributing to the complainant his proportion of the expenses of the suit. And in *Ex parte Plitt*, 2 Wall. jr. 453, 480, the doctrine was applied to demands for professional services. The like rule was laid down by our Supreme Court in *Rains* v. *Rainey*, 11 Humph. 261, and has been recognized in this court in the Bank of Tennessee and other cases.